UNITED STATES v. McCRORY.

(Circuit Court, N. D. Georgia. January 11, 1910.)

POST OFFICE (§ 35*)—"USING MAILS TO DEFRAUD"—ELEMENTS OF OFFENSE.

To constitute the offense of "using the mails to effectuate a scheme to defraud," within Rev. St. § 5480 (U. S. Comp. St. 1901, p. 3696), the scheme must have been one which contemplated the use of the post office establishment to effectuate it, and it is not sufficient that the mails were used as a mere incident to some fraudulent scheme.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. § 55; Dec. Dig. § 35.*

Nonmailable matter, see note to Timmons v. United States, 30 C. C. A. 79.]

L. B. McCrory was convicted of using the mails to defraud, and moves for a new trial. Motion overruled.

The defendant in this case was indicted under section 5480 of the Revised Statutes of the United States (U. S. Comp. St. 1901, p. 3696), and the third count in the indictment was as follows:

"And the grand jurors aforesaid, on their oath aforesaid, do further present that the said L. B. McCrory, Jr. (doing business under the name and style of 'Credit Adjusting Company'), on the 1st day of September, 1908, in said district. and within the jurisdiction of said court, having theretofore devised a scheme and artifice to defraud one George I. Brandon of the sum of five hundred dollars, to be effected by intending to open and by opening correspondence and communication with the said George I. Brandon, by means of the post office establishment of the United States, which said use and misuse of the post office establishment of the United States was a part of the said scheme to defraud, and which said scheme and artifice to defraud was and is in substance and to the effect as follows: That he, the said L. B. McCrory, Jr., would incorporate, form, and carry on a certain pretended collecting and auditing business at Atlanta, Georgia, under the name and style of 'Credit Adjusting Company.' That he, the said L. B. McCrory, Jr. (doing business under the corporate name and style of 'Credit Adjusting Company'), would, by means of the post office establishment of the United States open communication and correspondence with the said George I. Brandon, and falsely pretend to the said George I. Brandon that the said 'Credit Adjusting Company' (conducted by the said L. B. McCrory, Jr., and G. S. Ames, under the corporate name and style of 'Credit Adjusting Company') was and is solvent and doing a legitimate and prosperous collecting and auditing business at Atlanta, Georgia, having a capital of twenty-five thousand dollars, and contemplated establishing, opening, equipping, and furnishing and conducting a branch office at Louisville, Kentucky, for carrying on a legitimate collecting and auditing business at that place, and to falsely represent and pretend to the said George I. Brandon that if he would deposit with the said 'Credit Adjusting Company' (conducted as

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

aforesaid under the name and style aforesaid) the sum of five hundred dollars as an investment and as an evidence of his good faith, the said 'Credit Adjusting Company' (conducted as aforesaid under the name and style aforesaid) would establish, furnish, open, and equip a branch office at Louisville, Kentucky, pay all expenses, employ the said George I. Brandon as manager of said office and business at Louisville, Kentucky, pay him a salary of seventy-five dollars per month, together with one-half of all the net profits on all the business done through said office, and refund to the said George I. Brandon the said investment of five hundred dollars should he desire to sever his connection with said company at any time after six months; to falsely pretend and represent to the said George I. Brandon that the said 'Credit Adjusting Company' (conducted as aforesaid under the name and style aforesaid) was doing a legitimate and prosperous business and was offering to him, the said George I. Brandon, a sound and legitimate business proposition. Whereas, in truth and fact, the said 'Credit Adjusting Company' (conducted by the said L. B. McCrory, Jr., and G. S. Ames under the corporate name and style of 'Credit Adjusting Company') was not solvent and did not have a capital of twenty-five thousand dollars, but was and is insolvent, and was not doing a legitimate and prosperous collecting and auditing business at Atlanta, Georgia, and did not intend to establish, open, equip, furnish, and conduct a branch office at Louisville, Kentucky, for carrying on a legitimate collecting and auditing business at that place, and did not intend to refund to the said George I. Brandon the said investment of five hundred dollars, or any part thereof, and did not intend to pay the said expenses of said office, and did not intend to pay the said George I. Brandon the said salary of seventy-five dollars per month, and knew that no profits would be derived from the business at said office at Louisville, Kentucky, and the said 'Credit Adjusting Company' (conducted as aforesaid under the name and style aforesaid), was not doing a legitimate and prosperous business at Atlanta, Georgia, and was not offering to the said George I. Brandon a sound business proposition, but, on the contrary, the said pretended collecting and auditing business was fictitious, fraudulent, and unsound, and each and all of said pretensions were and are false and deceptive, and the same were devised and concocted by the said L. B. McCrory, Jr. (doing business as aforesaid), with intent to deceive the said George I. Brandon, and with intent thereby fraudulently to induce and cause the said George I. Brandon to deposit with the said 'Credit Adjusting Company' (conducted as aforesaid under the name and style aforesaid) for the fraudulent gain and benefit of him, the said L. B. McCrory, Jr. (doing business as aforesaid), the said sum of five hundred dollars in money, and thereby to unlawfully defraud and injure the said George I. Brandon in said sum.

"And the said L. B. McCrory, Jr. (doing business as aforesaid), did then and there unlawfully, knowingly, and fraudulently, in and for executing the aforesaid scheme and artifice, and in and for attempting to execute the same, place and cause to be placed in the post office of the United States at Atlanta, Georgia, a certain letter, inclosed in an envelope, post paid, and directed to Mr. George I. Brandon, Cadiz, Ky., to be sent by the said post office establishment of the United States, which said letter was and is as follows, to wit:

"'G. S. Ames, Pres. & Mgr.         L. B. McCrory, Jr., Supt. Agencies.

"'Office Connections in all Principal Cities.

"'Our $10,000 Guarantee Bond for Your Protection.

"'Credit Adjusting Company.

"'Incorporated Capital, $25,000.00.

| "'Collections of all kinds made anywhere using copyrighted system. | Home Office: 301–303 Kiser Building. | Auditing and accounting done on reasonable terms. |
|---|---|---|

"'Atlanta, Ga., Sept. 1st, 1908.

"'Mr. Geo. I. Brandon, Cadiz, Ky.—Dear Sir: Replying to your favor of recent date will say, we had the State of Ky sold to a responsible man for $1,000 cash, and he found that his firm would not release him from the pres-

ent contract until Jan. 1st, 1909, and we had to let it pass with him, therefore it is "wide open to you" now and we have decided to allow you the refusal. We got favorable reports on you and we feel willing to do business with you, as soon as you get ready. In regard to the Commercial Agencies, we have never made a statement to them, and they would not have reliable information on our concern unless we would furnish them data and then let them verify same. and will give you some references to whom you may write and ascertain something definite, in addition to what you might gather from Bradstreet's. If further information is desired, write and ask for it, and then we can arrange a meeting to get at the details of the proposition. Awaiting your further favor, we remain,

"'Yours truly,                         Credit Adjusting Co.,
"'GSA/CV.                         By L. B. McCrory, Jr., S. A.
"'Refer to:     U. S. Metal Co. Atlanta, Ga.
        "'H. T. Rawlins & Co. Atlanta, Ga.
        "'P. H. Brewster, Jr., Atlanta, Ga. (with Dorsey, Brewster &
            Howell, Attys. for So. Ry. & others).
        "'E. L. Harling, Atlanta, Ga.
        "'Geo. M. Best & Co. Atlanta, Ga.
        "'Gould & Co. Atlanta, Ga.  (Bankers).

"'A sworn statement will be furnished you when we meet, for your inspection.'

—"he, the said L. B. McCrory, Jr. (doing business as aforesaid), intending then and there to defraud the said George I. Brandon, contrary to the form of the statute in such case made and provided and against the peace and dignity of the United States of America."

F. C. Tate, U. S. Atty., and Jno. H. Henley, Asst. U. S. Atty.
George L. Bell & Son, for defendant.

NEWMAN, District Judge (after stating the facts as above). In disposing of this motion for a new trial, I wish to say this: In the beginning of the case, and during the trial, the doubt I had about the case was whether or not, under the facts, it came within the statute aimed at the use of the United States post office establishment to effectuate and carry out a scheme to defraud. It is necessary, under this statute, that the scheme to defraud should be one which contemplated the use of the post office establishment to effectuate it, and it is not sufficient that the use of the mails was a mere incident to some fraudulent scheme. I considered this matter carefully as the trial went on, and became satisfied that, under the statute and under the authorities construing and applying it, a case was made for submission to the jury. It was submitted to the jury, and the jury found the defendant guilty on the third count in the indictment.

After careful consideration of the matter, I do not believe that there is any reason for setting aside the verdict, nor, in my judgment, is the newly discovered evidence sufficient to justify the granting of a new trial. The evident purpose of the advertisements was to elicit correspondence through the United States mails, and it had this result, so that there seems to be a case wholly within the statute, if the jury believed it well proven, as they evidently did.

The court instructed the jury as follows:

"You will have observed from the reading of this statute that there are three ingredients in this offense: First. the devising or intending to devise a scheme or artifice to defraud; second, such scheme or artifice to defraud to be effected by opening or intending to open correspondence with any person

or persons, or by inciting the other person to open communication with the person so devising or intending; and, third, for the purpose of executing or carrying into effect such scheme, actually placing a letter in the mails.

"It must be a scheme to defraud which contemplates the use of the post office establishment of the United States to effectuate it. A mere scheme to defraud, by itself, would not be a matter cognizable in the courts of the United States. It is the intent and design to accomplish the scheme, or effectuate it, by the use of the post office establishment, and then by the deposit of the letter in the mails, in pursuance of this scheme and intent, and to consummate it. It may be done, also, as you will have perceived from the language of the statute, by inciting others to open correspondence through the mails with the party so intending and designing to carry out a fraudulent scheme or artifice by the use of the mails."

I think this was a fair statement of the law and a liberal statement of it to the defendant. The jury being satisfied that the evidence made a case under these instructions, and the other portions of the charge which it is unnecessary to refer to now, the verdict should stand.

An order may be entered overruling the motion for a new trial.